Opinion issued July 1, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00227-CV

———————————————

**THOMAS E. BREEN, Appellant**

**V.**

**COMMERCE EQUITIES – SETTLERS RANCH, LTD., Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-57925**

---

## MEMORANDUM OPINION

Appellant, Thomas E. Breen, is attempting to appeal from an interlocutory order, signed on February 28, 2025, granting Counter-Defendant Commerce Equities – Settlers Ranch, Ltd.'s motion to dismiss. We dismiss for lack of jurisdiction.

Appellee Commerce Equities – Settlers Ranch, Ltd. originally filed suit against Breen for fraud and breach of contract, among other claims. Commerce Equities later amended its petition to add four other defendants. Although the counterpetition is not included in the record, Breen apparently filed a counterpetition asserting several counterclaims against Commerce Equities. Commerce Equities, as counter-defendant, filed a motion to dismiss counter-plaintiff Breen's claims of defamation, retaliation, wrongful eviction, intentional infliction of emotional distress, and abuse of process pursuant to Chapter 27 and section 27.003 of the Texas Civil Practice and Remedies Code. Breen opposed the motion. The trial court signed an order on February 28, 2025, granting Commerce Equities' motion, dismissing Breen's counterclaims with prejudice and ordering Breen to pay attorney's fees in the amount of $3,700.00 and sanctions in the amount of $500.00. Breen filed a notice of appeal.

The Court issued a notice on June 13, 2025, advising Breen that the Court might dismiss the appeal for lack of jurisdiction because the order appealed was interlocutory and no statute authorized interlocutory appeal. Breen filed a response, arguing that: (1) his notice of appeal was timely filed; (2) the trial court's February 28, 2025 order was final and appealable under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001); and (3) sanctions and dismissal under the Texas Citizens Participation Act are reviewable by interlocutory or final appeal.

The Court's notice advised Breen that it might dismiss, not because the notice of appeal was untimely, but because the order he was attempting to appeal was interlocutory and not appealable. As the Court stated in its notice, appeals generally may be taken only from final judgments and if the order appealed does not dispose of all pending parties and claims, the order is interlocutory and not appealable until after final judgment is signed, unless a statute provides for interlocutory appeal. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Because the trial court's order only disposed of Breen's counterclaims against Commerce Equities and Commerce Equities' causes of action against Breen and the other four defendants remain pending, the February 28, 2025 order is interlocutory.

Although Texas Civil Practice and Remedies Code Section 51.014(a)(12) provides for an appeal from an interlocutory order denying a motion to dismiss under section 27.003, no statute provides for appeal from an interlocutory order granting a motion to dismiss. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 890 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing for lack of jurisdiction appeal from partial grant of TCPA motion to dismiss). Because no statute permits appeal from this interlocutory order, we lack jurisdiction and must dismiss the appeal. *See Luna v. Jones*, No. 01-19-00995-CV, 2021 WL 3775607, at *2 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.).

We dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).

Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.